**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TIGAB GETNET CHAKLU,

Petitioner,

v.

CRAIG A. LOWE, *Warden of Pike County Correctional Facility*,

Respondent.

No. 4:26-CV-01594

(Chief Judge Brann)

**MEMORANDUM OPINION**

**SEPTEMBER 24, 2026**

## I. BACKGROUND

Tigab Getnet Chaklu filed this 28 U.S.C. § 2241 petition alleging that his continued civil detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") violates his due process rights.[1] Specifically, he alleges that his continued confinement without a bond hearing violates his constitutional rights.[2]

Chaklu, a citizen and native of the Federal Democratic Republic of Ethiopia, entered the United States of America on December 30, 2024.[3] Chaklu was detained by ICE just north of the border with the United Mexican States, seventeen minutes

[1] Doc. 1.
[2] *Id.*
[3] Doc. 6-2 at 2.

after he entered the United States.[4] Chaklu was held pending a determination of whether he possessed a credible fear of persecution if returned to his native country, and he has remained in ICE custody since December 30, 2024.[5] Chaklu is currently detained at the Pike County Correctional Facility, located within the Middle District of Pennsylvania.[6]

In June of 2026 Chaklu filed this 28 U.S.C. § 2241 petition arguing that his continued detention violates the Due Process Clause of the United States Constitution.[7] He avers that his detention is unconstitutionally prolonged, and he is entitled to release from custody.[8] The Government responds that, because Chaklu was detained within 14 days of arriving in the United States and within 100 miles of a land border, he is subject to mandatory detention.[9] Respondent further contends that Chaklu's duration of detention without a bond hearing has not become unconstitutionally excessive.[10]

Chaklu has not filed a reply brief and the time to do so has now lapsed, rendering this matter ripe for disposition. For the reasons discussed below, the petition will be granted.

---

4 *Id.* at 1-2.
5 Doc. 6-2; Doc. 6-4.
6 Doc. 1 at 5.
7 *See* Doc. 1.
8 *Id.* at 5-6.
9 Doc. 6 at 4-15.
10 *Id.* at 15-16.

## II. DISCUSSION

Chaklu brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[11] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[12] Chaklu's claim is therefore properly brought in this petition.

Respondent argues that Chaklu is properly detained pursuant to 8 U.S.C. § 1225(b)(1). An individual is treated as an "applicant for admission" and, pursuant to § 1225(b)(1), is subject to mandatory detention during removal proceedings if they are "encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border."[13]

Individuals detained under § 1225(b)(1) are subject to mandatory detention throughout removal or credible fear proceedings, although the Government may in its discretion temporarily parole such aliens "for urgent humanitarian reasons or

---

[11] 28 U.S.C. § 2241(c)(2).

[12] *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).

[13] *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016) (internal quotation marks omitted).

significant public benefit."[14] Detention under the statute is required until the conclusion of the individual's credible fear or removal proceedings.[15]

Chaklu was detained only minutes after entering the United States and was still in close proximity to the border between the United States and Mexico.[16] He was therefore initially held for expedited removal.[17] The Court assumes, without deciding, that Chaklu is therefore subject to mandatory detention under the provisions discussed above. Assuming that the statute applies, his initial detention without a bond hearing would not have been improper.

However, as numerous courts have held, "[a]lthough § 1225(b)(1) detainees have no general right to a bond hearing . . . courts . . . have long recognized that an [individual] subject to mandatory detention may be entitled to a corrective bond hearing where their detention becomes so prolonged as to become arbitrary."[18] "In determining whether detention has become so prolonged as to become arbitrary in the absence of a bond hearing, courts look to" several factors set forth by the United States Court of Appeals for the Third Circuit.[19] Those factors include: (1) the "duration of detention"; (2) "whether the detention is likely to continue"; (3) "the

---

14 *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018).
15 *Id.* at 300-03.
16 Doc. 6-2.
17 *Id.* at 2.
18 *Alvarado v. Soto*, No. CV 26-1032 (MAS), 2026 WL 2349924, at *3 (D.N.J. Aug. 13, 2026) (citing *Salem v. Tsoukaris*, No. 25-17414 (MAS), 2026 WL 458302, at *3 (D.N.J. Feb. 18, 2026); *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442 (D.N.J. 2019)).
19 *Id.*

reasons for the delay"; and (4) whether the "conditions of confinement are 'meaningfully different' from criminal punishment."[20] If detention has become unconstitutionally arbitrary, "the petitioner will be entitled to a bond hearing before an immigration judge at which the Government bears the burden of proving that the petitioner is a flight risk or danger to the community by clear and convincing evidence."[21]

Applying those factors here, Chaklu has been detained since December 2024—more than twenty months. Courts routinely find detention excessive after shorter durations.[22] Moreover, Chaklu's detention is likely to continue for the foreseeable future, as his appeal of his removal order remains pending before the Board of Immigration Appeals ("BIA"),[23] and that court "currently faces a massive backlog, with 282,434 appeals pending at last report."[24] Moreover, once that appeal is concluded, Chaklu "has the right to appeal such a decision to the Third Circuit, which would extend his detention even further, with no definite end point."[25]

---

20 *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020) (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015) brackets omitted)). *See Alvarado*, 2026 WL 2349924 at *3 (applying factors to find that petitioner was entitled to a bond hearing).

21 *Alvarado*, 2026 WL 2349924 at *3.

22 *See id.* at *4 (finding duration of more than eight months favored a bond hearing); *Tuser E.*, 370 F. Supp. 3d at 442-43 (concluding that nineteen-month detention was unreasonable).

23 Doc. 6 at 3.

24 *Carmona Leyva v. Sage*, No. 4:26-CV-01986, 2026 WL 2408332, at *3 (M.D. Pa. Aug. 6, 2026), *report and recommendation adopted*, No. 4:26-CV-01986, 2026 WL 2411130 (M.D. Pa. Aug. 14, 2026).

25 *Id.*

The third factor, reasons for any delay, is neutral. The record does not indicate that "either party made careless or bad-faith 'errors in the proceedings that caused unnecessary delay,'"[26] and therefore "this factor does not favor either side."[27]

The fourth factor, whether conditions of confinement are meaningfully different from criminal punishment, weighs in Chaklu's favor. In considering this factor, if an individual's confinement "looks penal, that tilts the scales toward finding the detention unreasonable."[28] Chaklu is confined in the Pike County Correctional Facility, and the Third Circuit has previously stated that "[d]espite its civil label, . . . detention [at that facility] is indistinguishable from criminal punishment."[29] Because Chaklu's conditions of confinement appear indistinguishable from criminal punishment, this factor weighs in favor of ordering a bond hearing.[30]

Balancing the relevant factors demonstrates that Chaklu's detention has become unconstitutionally arbitrary, and due process demands that he be provided a "bond hearing at which the Government bears the burden of proving that [Chaklu]

---

26 *German Santos*, 965 F.3d at 211 (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011) (brackets omitted)).
27 *Id.* at 212.
28 *Id.* at 211.
29 *Id.* at 213.
30 *See Alvarado*, 2026 WL 2349924 at *4 (factor weighed in favor of petitioner where he "spent this time in a facility that is not dissimilar to a county jail and is not significantly distinguishable from criminal detention").

is a danger to the community or a flight risk by clear and convincing evidence."[31] Accordingly, Chaklu's petition will be granted.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Respondent has violated Chaklu's due process rights. Consequently, his petition will be granted, and the Government will be required to provide Chaklu with a bond hearing or release him from custody.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

31 *Id.*